# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LEO SMITH and SUE SMITH,

     **Plaintiffs,**

v.                               **Case No.  8:08-cv-1105-T-30EAJ**

LEGACY YACHTS, INC. and
JOSEPH GARASIC,

     **Defendants.**

_____/

## ORDER

In April 2005, Plaintiffs Leo and Sue Smith contracted with Defendant Legacy Yachts, Inc. ("Legacy") for the construction and purchase of a yacht for a total price of $152,550.00.  Defendant Joseph Garasic is the President of Legacy.  The contract provided that Plaintiffs would pay for the yacht in installments at certain benchmarks, such as the execution of the agreement, the completion of the hull, the completion of the deck, etc. Plaintiffs have to date paid a total $187,372.86 to Legacy.  But the yacht has not been delivered to the Plaintiffs.  Plaintiffs bring this action claiming breach of contract and promissory estoppel against both Defendants and fraudulent misrepresentation against Garasic.  Plaintiffs move for summary judgment on their breach of contract claim.[1]

---

[1] Plaintiffs motion makes no mention of their other claims for promissory estoppel and fraudulent misrepresentation.  The Court, therefore, construes the motion as a motion for partial summary judgment.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp.*

*Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

### Discussion

In their motion, Plaintiffs argue that there is no material issue of fact because Legacy admitted in the Answer that they have received Plaintiffs' payments and Plaintiffs have not received the yacht. However, Plaintiffs have failed to establish that a material breach has occurred. The contract between the parties is silent as to the date of delivery. Under Florida law, when the time for delivery is not is not provided for by the contract, the goods must be delivered within a reasonable time. Fla Stat. §672.309(3). What constitutes a reasonable time under these circumstances is a question for the jury.

It is therefore ORDERED AND ADJUDGED that Plaintiffs' Motion for Summary Judgment (Dkt. 43) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2008\08-cv-1105.msj 43.frm